## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Criminal File No. 18-CR-216 (SRN/HB)

             Plaintiff,

                                   **ORDER AND**
   v.                            **AMENDED TRIAL NOTICE**

MARTAVIS SHAWN DEMAR JAMES,

             Defendant.

---

Allen A. Slaughter, Jr., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for the government.

Peter Wold and Aaron Morrison, Wold Morrison Law, 247 Third Avenue South, Minneapolis MN 55415, for the defendant, Martavis Shawn Demar James.

---

      This matter is before the Court upon the Government's Motion to Continue the March 5, 2019 Trial Date and related Pre-Trial Due Dates [Doc. No. 33]. In support of its motion, the Government submitted a memorandum requesting that the Court exclude time from computations under the Speedy Trial Act, due to the unavailability of law enforcement officers involved in the case for the currently scheduled March 5, 2019 trial date. (*See* Gov't Mem. [Doc. No. 35.) The Government has also submitted sworn declarations from the officers, Minneapolis Police Department Sergeants David Swierzewski and Jeffrey Waite, attesting to their unavailability for the current trial date. (*See* Waite Decl. [Doc. No. 35-2]; Swierzewski Decl. [Doc. No. 35-2].) The Government states that these two officers are both "clearly necessary to address and coordinate the bulk

of [the] evidence" and are "essential to the Government's proof of the charges alleged in the Indictment." (Gov't's Mem. ¶ 6.) For the reasons stated below, the motion is granted.

# I. DISCUSSION

While the Speedy Trial Act guarantees a criminal defendant the right to a speedy trial within a specified period, 18 U.S.C. § 3161(c)(1), it contains specific exceptions that warrant the delay and tolling of the speedy trial clock. As pertinent here, it contains a provision for the exclusion of time resulting from the unavailability of essential witnesses, or "any period of delay resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §§ 3161(h)(3)(A), (7)(A).

## A. Unavailability of Essential Witnesses

As to the unavailability of essential witnesses, 18 U.S.C. § 3161(h)(3), the Government has demonstrated that Sgts. Waite and Swierzewski are essential. Sergeant Waite not only participated in the investigation of Defendant Martavis Shawn Demar James ("James"), he applied for several surveillance tools, conducted hours of surveillance, and was involved in interviewing and debriefing witnesses, as well as arresting and interviewing James. (Waite Decl. ¶ 3.) In short, he functions as a case agent, and his presence before and during trial will be necessary to help the Government prepare and present its evidence. Similarly, Sergeant Swierzewski participated in the investigation of Defendant, including surveillance activities. (Swierzewski Decl. ¶ 3.) He attests that he was an eyewitness to James' alleged efforts in scouting, preparing for, and attempting to

commit a June 1, 2018 robbery. (Id.) In his role as an investigator and key eyewitness, the Court is likewise satisfied that Swierzewski's testimony and assistance will be essential to the Government's case.

As to witness unavailability, "a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C.A. § 3161(h)(3)(B). In *United States v. Meyer*, 803 F.2d 246, 247–48 (6th Cir. 1986), the Sixth Circuit found that the conflict between the trial date and the government witness's pre-paid, non-refundable honeymoon trip met the standard for the witness's unavailability under 18 U.S.C. § 3161(h)(3). The Sixth Circuit noted that the agent had recently been married and "had made extensive wedding and honeymoon plans and expended large sums of non-refundable money in connection with these plans." Id. at 247. Similarly, here, Sgt. Waite submits that he has long planned an out-of-state trip to celebrate his daughter's 16th birthday, which conflicts with the current trial date. (Waite Decl. para. 6.) Similar to the honeymoon in *Meyer*, Sgt. Waite's planned trip marks a once-in-a-lifetime family event and involves the expenditure of a significant amount of pre-paid costs, many of which are non-refundable or subject to cancelation fees. (Id.) Moreover, in *United States v. Petruk*, 16-cr-285 (ADM/LIB), this Court granted a trial continuance in which one of the reasons for the request was that two of the Government's investigator-

witnesses were unavailable due to long-planned personal travel.[1]  (*See United States v. Petruk*, 16-cr-285 (ADM/LIB) [Doc. Nos. 63, 70].)

The Court also finds that Sgt. Swierzewski is unavailable under 18 U.S.C. § 3161(h)(3)(B).  In *United States v. Carillo*, 230 F.3d 1364 (8th Cir. 2000), the Eighth Circuit upheld the grant of a continuance where an essential government witness was unavailable due to health problems. While Sgt. Swierzewski does not suffer from a medical issue himself, *Carillo* provides guidance.  Sergeant Swierzewski has been approved for a 10-week FMLA leave during the time of trial due to the impending birth of his fourth child. (Swierzewski Decl. ¶ 6.)  He attests that he is prohibited by law from returning to his work activities during the FMLA leave.  (*Id.*)  Even it were permissible, he states that it would be unsafe to leave his wife to care for a newborn alone, along with three other young children, while she is in medical recovery.  (*Id.*)  The Court finds that under these circumstances, Sgt. Swierzewski is unavailable.

Accordingly, finding that these two Government witnesses are essential and unavailable, the granting of a continuance is proper.  The Speedy Trial clock is therefore tolled pursuant to 18 U.S.C. § 3161(h)(3)(A).

## B.  Ends of Justice

As noted, the Government also argues that a continuance is warranted to serve the ends of justice.  The Speedy Trial clock may also be tolled where the court finds "the ends

---

[1] The Court's order in *Petruk* does not indicate the reason for granting the continuance, and the defendant also requested Speedy Trial exclusions in order to prepare for trial. *United States v. Petruk*, 16-cr-285 (ADM/LIB) (May 8, 2017 Order [Doc. No. 70].)

of justice served by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Government notes that after Sgts. Waite and Swierzewski promptly alerted counsel of their conflicts with the March 5 trial date, defense counsel indicated his involvement in defending the homicide charges against a former Minneapolis police officer in Hennepin County District Court, set for trial in mid-March, with pretrial needs arising earlier in March. (Gov't Mem. ¶ 7.) The Government also asserts that a brief continuance will allow it to effectively prepare for trial. (*Id.* ¶ 14.)

The Court finds that the ends of justice will be served by granting a continuance here. A continuance will allow counsel for both sides to effectively prepare for trial, and it acknowledges their good faith efforts to try to resolve their trial date conflicts. *See United States v. Bonilla-Filomeno*, 579 F.3d 852, 857 (8th Cir. 2009) (finding court's ends-of-justice finding sufficient where it noted that continuance would permit counsel for the defendant and the government more time to prepare for trial or pursue plea negotiations). As such, the failure to permit a continuance under these circumstances would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i); *United States v. Lucas*, 499 F.3d 769, 782–83 (8th Cir. 2007) (affirming district court's findings for ends-of-justice continuance that failure to grant continuance would result in a miscarriage of justice). Accordingly, the Court finds that these interests outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(B).

Accordingly, IT IS HEREBY ORDERED THAT:

1. The March 5, 2019 trial date is **CANCELED**, and the case is now scheduled for trial before Judge Susan Richard Nelson on **Monday, May 13, 2019** at **10:00 a.m.** in Courtroom 7B, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

2. A Pretrial Conference in this case will be held **on Thursday, April 25, 2019 at 9:30 a.m.** in Courtroom 7B, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota. The Court requires the attendance of all counsel and Defendants at the conference. Counsel should be prepared to discuss any issues related to the trial of the case.

3. Counsel must adhere to the following schedule regarding the submission of trial documents:

   a. All trial documents, including trial briefs, motions in limine, voir dire and proposed jury instructions shall be filed and served pursuant to the Criminal Electronic Case Filing Procedures for the District of Minnesota and submitted to Judge Nelson's chambers no later than **4:00 p.m. on Thursday, April 11, 2019**. Two courtesy copies, 3-hole punched, of all trial documents shall be provided to the Court. Courtesy copies are expected to be received in chambers no later than the day after documents are filed in CM/ECF.

      i. The parties are required to jointly submit one set of agreed-upon instructions on the date noted above, except for those for which a

need could not have been foreseen.   To this end, the parties are required to serve their proposed instructions upon each other prior to the filing deadline.  The parties should then meet, confer, and submit one set of agreed-upon instructions.  The instructions should be submitted in hard copy as well as emailed to the chambers email box (nelson_chambers@mnd.uscourts.gov) in a word-processing format.  Each instruction shall be on a separate page and shall contain citation of legal authority.

ii. By the date listed above, the parties are to jointly submit a summary of the indictment, which can be read to the jury.

iii. Responses to motions in limine are to be filed on CM/ECF and emailed to chambers no later than **4:00 p.m. on Thursday, April 18, 2019**.

b. **By 4:00 p.m. on Tuesday, April 23, 2019**, proposed exhibit and witness lists, as well as a proposed verdict form, shall be provided in a word-processing format to the chambers e-mail box (nelson_chambers@mnd.uscourts.gov).

i. Prior to trial, all counsel must mark exhibits for identification in the order in which they will be offered at trial.  Please put the case number on each exhibit.  The government shall mark its first exhibit Government Exhibit #1.  Defendant's first exhibit shall

be marked Defendant's Exhibit #1.  Do not mark exhibits "1a,

1b, 1c", etc.  Each exhibit should have a specific number.

ii. The witness list should contain the names and addresses of the

prospective witnesses. This list is separate from the exhibit list.

Finally, it is FURTHER ORDERED that the time from the date of the

Government's Motion for Continuance (February 12, 2019) through the new trial date

(May 13, 2019) shall be excluded from the Speedy Trial Act computations in this case.

Dated: February 15, 2019

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge