UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 18-216 (SRN/HB) |
| Plaintiff, | |
| v. | ORDER ON § 2255 MOTION |
| Martavis Shawn Demar James, | |
| Defendant/Petitioner | |

Allen A. Slaughter, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Martavis Shawn Demar James, Reg. No. 21642-041, FCI-Oxford, P.O. Box. 1000, Oxford, WI 53952-1000, Pro Se Defendant

SUSAN RICHARD NELSON, United States District Judge

Pending before the Court is Defendant[1] Martavis Shawn Demar James' Pro Se Motion to Vacate Under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. No. 98]. The Government opposes James' § 2255 Motion [Doc. No. 102].

Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court denies James' § 2255 Motion, and denies an evidentiary hearing and certificate of appealability.

---

[1] Although James is the "petitioner" in this habeas proceeding, because all filings are made in the underlying criminal case, the Court will refer to him as "defendant."

1

I.   BACKGROUND

Between March and June 2018, a series of similar robberies and attempted robberies occurred in Twin Cities retail stores, primarily at pharmacies. *See United States v. James*, 3 F.4th 1102, 1104 (8th Cir. 2021). Based on the perpetrator's common modus operandi, investigators suspected that the same person committed all of the robberies. *Id*. In the course of carrying out the robberies, a male suspect wearing a long, hooded jacket, black mask, and carrying a red and black duffel bag would order employees into a back room at gunpoint, steal money from the store safe, then flee on foot. *Id*.

After investigators were unsuccessful in identifying the perpetrator through security camera footage, they applied for and obtained search warrants, commonly referred to as "cell tower [data] dump warrants," directed to certain cellular service providers. *Id*. These warrants asked the providers for specific data from all telephone numbers that had connected to the providers' cell towers in the geographic area near the affected stores during an approximately 90 minute period around each robbery. *Id*. After cross-referencing the data, officers identified a common number, found to be associated with James, in close proximity to five out of six robberies. *Id*. Officers conducted physical surveillance of James and ultimately apprehended him as he was about to commit another robbery. *Id*. James wore clothing similar to that worn by the perpetrator of the earlier robberies and a search of his car revealed a red and black duffel bag. *Id*. Inside the duffel bag, officers found a black bank deposit bag from one of the robbed pharmacies, along with a handgun and cell phone. (*Id*.; Jan. 25, 2019 Order [Doc. No. 32] at 3.)

In September 2018, the Government charged James with eight counts of interference with commerce by robbery and two counts of attempted interference with commerce by robbery. (Indictment [Doc. No. 1].) James was represented by attorneys Aaron Morrison and Peter Wold, who filed a motion to suppress evidence on James' behalf in October 2018. (Def.'s Mot. to Suppress [Doc. No. 18].) James argued that the seized evidence should be suppressed because the warrants lacked probable cause and particularity, in violation of the Fourth Amendment. (*Id*. at 2–3.) In November 2018, the magistrate judge recommended the denial of James' motion [Doc. No. 26], which this Court adopted.

James proceeded to a four-day jury trial in May 2019. (Minute Entries [Doc. Nos. 47, 48, 50, 51].) The jury convicted James on all counts. (Redacted Jury Verdict [Doc. No. 55].) On December 19, 2019, the Court sentenced James to a term of imprisonment of 180 months. (Sentencing J. [Doc. No. 83].)

Mr. Wold and Mr. Morrison timely filed a Notice of Appeal [Doc. No. 85] on James' behalf, and represented James throughout his appeal, contesting probable cause for the search warrants as well as the breadth and the particularity of the search warrant applications. *See James*, 3 F.4th at 1104. In July 2021, the Eighth Circuit denied James' appeal and affirmed this Court's ruling. *Id*. at 1106. In March 2022, the U.S. Supreme Court denied James' petition for a writ of certiorari [Doc. No. 97].

On March 6, 2023, James timely filed the instant pro se motion for collateral relief under 28 U.S.C. § 2255. He asserts the following three arguments: (1) the Government lacked probable cause to obtain the cellular data information; (2) the warrants lacked

3

particularity; and (3) he received ineffective assistance of counsel. (Def.'s § 2255 Mot. at 1–6.)

II.     DISCUSSION

Section 2255 provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

While § 2255 generally affords relief, it is only available in limited circumstances. As the Eighth Circuit has stated, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). The petitioner bears the burden of proof as to each ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citing *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969)).

A.     **Search Warrants**

1. **Probable Cause and Privacy Interest**

James argues that the Government's conduct in obtaining other cell phone users' data from the tower dump warrants violated the Fourth Amendment's privacy protections and was unsupported by probable cause. (Def.'s § 2255 Mot. at 2–3.) He asserts that there

was no probable cause to search all persons whose cellular information was obtained pursuant to the warrants, but he appears to concede the existence of probable cause for obtaining the information specifically applicable to him. (*Id.*) ("I agree with the court['s] decision there was probable cause for multiple search warrants for tower dumps. But I disagree there was probable cause to obtain[] all the data information. . . . The government failed to account whether probable cause could exist as to other people['s] phone data[.]"). James referenced this third-party, privacy-related argument before the District Court and on appeal. (*See* Def.'s Mot. to Suppress at 3 ("Hundreds and likely thousands of innocent citizens' cell phone use and location were identified by law enforcement with these [] search warrants."); *United States v. James*, No. 19-3789, Appellant's Brief at 9–10 (8th Cir. Mar. 26, 2020) ("[T]he warrants do nothing to ensure the privacy protection of the hundreds if not thousands of individual records it sought to obtain."; "Nor do the warrants limit law enforcement's use of the data of individuals not determined to be a suspect in the robberies.").)

"Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008) (citation omitted). Probable cause "is not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014).

The Courts finds that James' argument fails. First, James lacks standing to challenge the rights of others whose information the Government gathered pursuant to the tower dump warrants. The Supreme Court has held that "Fourth Amendment rights are

5

personal rights which . . . may not be vicariously asserted." *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014) (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)); *see also United States v. Patterson*, No. 4:19CR3011, 2020 WL 6334399, at *3 (D. Neb. Aug. 5, 2020) (rejecting argument that rights of non-parties were impacted by tower dumps because "Defendants [] cannot suppress evidence based on alleged violations of someone else's privacy interest."), *adopting report & recommendation*, 2020 WL 6334406, at *1 (D. Neb. Oct. 28, 2020).

In addition, the Supreme Court has declined to address whether tower dumps violate an individual's Fourth Amendment reasonable expectations of privacy, let alone third parties' privacy rights. *United States v. Carpenter*, 138 S. Ct. 2206, 2219–20 (2018) ("We do not express a view on matters not before us: real-time CSLI or 'tower dumps' [].").

Finally, even if James had standing to assert the privacy rights of other cell phone users and the tower dump warrants lacked probable cause, the good-faith exception to the exclusionary rule would apply. Pursuant to *United States v. Leon*, 468 U.S. 897, 906 (1984), evidence need not be suppressed if it was objectively reasonable for the officer executing the search warrant to have relied in good faith on the issuing judge's determination of probable cause. *United States v. Norey*, 31 F.4th 631, 635 (8th Cir. 2022) (citing *United States v. Mayweather*, 993 F.3d 1035, 1041 (8th Cir. 2021)). Only if the officer knew or should have known that the search was unconstitutional under the Fourth Amendment should the evidence be suppressed. *Mayweather*, 993 F.3d at 1041 (citing *United States v. Koch*, 625 F.3d 470, 477 (8th Cir. 2010)). As noted above, the Supreme Court has not held that tower dump warrants violate the Fourth Amendment. *See*

*Carpenter*, 138 S. Ct. at 2220. Accordingly, the Court finds that the officers executing the tower dump warrants acted with an objectively reasonable good-faith belief that their conduct was lawful. Thus, even if James had standing to assert this argument and if probable cause were lacking, the *Leon* good-faith exception to the exclusionary rule would apply.

For all of these reasons, James is not entitled to relief based on his Fourth Amendment arguments regarding the collection of other cell phone users' data.

### 2. Particularity

James also asserts that the search warrants failed to satisfy the particularity requirement. (Def.'s § 2255 Mot. at 4.) He contends that the affidavits failed to list the items to be seized and did not identify any of the persons whose location information the Government sought to obtain from the cell phone towers. (*Id.*)

In addition to probable cause, the Fourth Amendment requires that every search warrant describe with particularity the place to be searched and the items or persons to be seized. U.S. Cons. Amend IV. A judge presented with a search warrant must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her], . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The degree of specificity required in applying the particularity requirement is flexible and may vary depending on the circumstances and the types of items involved." *United States v. Kail*, 804 F.2d 441, 445 (8th Cir. 2011).

The Court finds the tower dump warrants were sufficiently particular, in light of the circumstances and the nature of the activity under investigation here. They were temporally and geographically limited, as they sought to gather data for only about 90 minutes, with exact times listed, and applied only to cellular towers near the robbery sites. The nature of the investigation, which involved a suspect wearing the same clothing and employing the same modus operandi, justified the need to determine whether a common cell phone number was in the immediate vicinity of the robberies, within a limited time period. The warrants did not seek data outside the geographic scope of the robbery sites or the temporal limits of the robberies. To the extent that James asserts a Fourth Amendment violation on behalf of other cell phone users whose data was collected, he again lacks standing to do so, *Plumhoff*, 572 U.S. at 778, and, in any event, the data collection warrants were supported by probable cause and were sufficiently definite. Accordingly, the Court denies James' motion based on this ground for relief.

### B.     Ineffective Assistance of Counsel

Finally, James seeks relief based on the alleged failure of counsel "to file an important pretrial motion." (Def.'s § 2255 Mot. at 6.) He argues that counsel failed to both challenge probable cause and the particularity requirement for the tower dump warrants, which did not "identify any person whose data information the government sought to obtain." (*Id.*)

Within the context of § 2255, to establish ineffective assistance of counsel, a movant must satisfy the "heavy burden" of the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Apfel*, 97 F.3d at 1076. Under *Strickland*, "a convicted defendant must prove

8

both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988).

The facts here contradict James' claim that his attorneys were deficient for failing to raise issues of probable cause and particularity. As the forgoing discussion makes clear, James' counsel challenged both probable cause and particularity in the district court and on appeal, and expressly referred to the collection of data from innocent third parties. (*See, e.g.*, Def.'s Mot. to Suppress at 2–3 ("So, the question before this Court is whether the three search warrants seeking all cell phone users' records for a particular location and time absent specific evidence the individual sought was even using a cell phone meets the probable cause and the particularity requirement of the Fourth Amendment."); *James*, Appellant's Brief at 8–9 ("But the warrants do nothing to ensure the privacy protection of the hundreds if not thousands of individual records [they] sought to obtain."). The magistrate judge, the undersigned judge, and the Eighth Circuit previously addressed these arguments. (R&R at 9–11 ("The Court need not wade into the murky waters of standing to resolve this motion in this case, however, because even assuming that James had a reasonable expectation of privacy in the cellular tower data that was the subject of the warrants and therefore has Fourth Amendment standing to bring his challenge to the search warrants for that data, his motion fails because the search warrants for the cellular tower data are supported by probable cause and are sufficiently definite."); Jan. 25 Order at 6–8 (agreeing with magistrate judge that reaching the issue of standing was unnecessary in light of sufficient showing of probable cause and particularity); *James*, 3 F.4th at 1104–06

CASE 0:18-cr-00216-SRN-HB   Doc. 103   Filed 05/03/23   Page 10 of 11

("Before trial, James moved to suppress the evidence discovered, arguing that there was no probable cause and that the search warrants lacked particularity. . . . On appeal, James renews the same arguments he made before.")).

In sum, James' counsel acted reasonably in filing these motions and the Court agrees with counsel for the Government that "[t]he facts of this case all demonstrate that the Defendant was well-represented by able counsel." (Gov't's Opp'n at 6.) Accordingly, James is not entitled to collateral relief based on his claim of ineffective assistance of counsel.

### C. Evidentiary Hearing

A § 2255 motion may be dismissed without a hearing if: (1) the defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Moreover, where the record includes all of the information necessary for the court to rule on the motion, an evidentiary hearing is unnecessary. *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (citations omitted). Applying this standard to the allegations and the record, the Court finds that James' allegations are contradicted by the record, and the record includes all the information necessary for the Court to rule. *Covey*, 377 F.3d at 909. Accordingly, no evidentiary hearing is required.

### D. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability

10

cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that the basis for dismissal is not reasonably debatable. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Accordingly, the Court declines to issue a certificate of appealability.

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. James' Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 98] is **DENIED**.

2. A certificate of appealability is **DENIED** and no evidentiary hearing is necessary.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: May 3, 2022

                                                                                       s/Susan Richard Nelson
                                                                                       SUSAN RICHARD NELSON
                                                                                       United States District Judge